Joel Gumbiner (#111586)
WILLIAMS & GUMBINER LLP
1010 B Street, Suite 200
San Rafael, CA 94901
Phone: (415) 755-1880
Joel@insuredlaw.com

Matthew H. Rice (#243752)
SPERLING & SLATER, P.C.
55 W. Monroe, Suite 3200
Chicago, IL 60603
Phone: (312) 641-3200
mrice@sperling-law.com

Attorneys for Plaintiff
Terlato Wine Group, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERLATO WINE GROUP, LTD., | Case No. 3:22-cv-04075 |
| Plaintiff, | **COMPLAINT** |
| V. | **DEMAND FOR JURY TRIAL** |
| FEDERAL INSURANCE COMPANY, | |
| Defendant. | |

Terlato Wine Group, Ltd. ("Terlato" or "Insured") by and through its undersigned counsel, for its complaint for breach of contract against Federal Insurance Company ("Federal"), states:

**PRELIMINARY ALLEGATIONS**

1. Federal issued a "Customarq Series Wineries Insurance Program," Policy No. 3578-19-69 DMO ("Policy") to Terlato in exchange for a significant premium. The Policy is a valid contract.

COMPLAINT
Page 1 of 7

2. Terlato's Chimney Rock Winery and Rutherford Hill Winery, located in Napa County, California, were damaged by two separate wildfires: the LNU Complex fire of August 17, 2020 ("LNU Fire") and Glass fire that started on September 27, 2020 (the "Glass Fire").

3. Terlato made claims under the Policy for damage caused by the LNU Fire and the Glass Fire. That damage is covered loss under various coverages provided by the Policy, including Property, "Trellis or Grape Vines," Business Income and Extra Expense.

4. Research has established that smoke taint occurs when volatile phenols released through fermentation cause undesirable flavors and smells resulting in wine that tastes or smells smoky, burnt, ashy or medicinal. Smoke taint can occur when wine is made using wine grapes exposed to smoke before, during, or after harvest.

5. Terlato's losses due to smoke ("smoke taint") damage are within the coverage provided by the Policy.

6. Terlato has performed all of its obligations under the terms of the Policy.

7. Federal has paid certain elements of Terlato's Loss, including payment for "Trellis or Grape Vines" damage as a result of the LNU Fire, but has refused to make payment for other elements of Terlato's Loss: damage caused by the Glass Fire to "Trellis or Grape Vines;" damage to "Wine in Process;" and certain elements of Terlato's Business Income and Extra Expense Loss.

8. Under the terms of the Policy, Federal is obligated to make payment for the "Trellis or Grape Vines" damage caused by the Glass Fire, damage to "Wine in Process," and the full amount claimed under the Business Income and Extra Expense coverage elements. Federal has failed to perform its obligations, and Terlato has suffered damages as a result.

9. By this action, Terlato seeks damage for Federal's breach of the Policy in the amount of its covered losses that Federal has refused to pay.

## PARTIES, JURISDICTION AND VENUE

10. Plaintiff Terlato Wine Group, Limited is a Delaware corporation headquartered in Lake Bluff, Illinois, and is a citizen of Delaware and Illinois. Terlato is a Named Insured under the Policy.

11. Federal is a New Jersey corporation headquartered in Warren, Connecticut, and is a citizen of New Jersey and Connecticut.

12. The insured properties are located, and the fires and resulting property damage that are the subject of this disputed insurance claim took place, in Napa County, California.

13. Terlato is licensed to do business in California.

14. Defendant Federal Insurance Company is an insurer licensed to do business, and insuring the subject properties, in California.

15. This Court has personal jurisdiction over the defendant and subject matter jurisdiction to over this dispute under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

16. Venue is proper in this Court under 28 U.S.C. § 1391. A substantial part of the events giving rise to the claim occurred in, and the insured properties at issue are located in, this judicial district.

## DIVISIONAL ASSIGNMENT

17. Pursuant to Civil L.R. 3-2(c), there is a basis for assignment to the San Francisco Division or the Oakland Division of this Court because a substantial part of the events giving rise to the claim occurred in, and the insured properties at issue are located in, Napa County, California.

## STATEMENT OF FACTS

18. Terlato purchased the Policy from Federal in exchange for a substantial premium,

1  which has been paid.

2      19.    The Policy, denominated a "Wineries Insurance Program," contains property damage, business interruption, and other coverages. With respect to property damage, the Policy is an "all risks" policy for the period April 1, 2020, to April 1, 2021. The Rutherford Hill and Chimney Rock wineries in Napa County, California are insured properties under the Policy.

    20.    The Policy covers "direct physical loss or damage" to "building" and/or "personal property, caused by or resulting from a peril not otherwise excluded."

    21.    Moreover, both "fire" and "smoke" are "perils" expressly covered under the Policy.

    22.    The Policy covers "direct physical loss or damage" to "trellis or grape vines caused by or resulting from" specified perils.

    23.    The Policy also covers "business income loss you incur due to the actual impairment of your operations; and extra expense you incur due to the actual or potential impairment of your operations" as a result of property damage resulting from a covered peril.

    24.    "Trellis or Grape Vines" is defined to mean "growing grapes, grape vines, grape vine supports, or irrigation piping used to service the grape vines."

    25.    "Wine in Process" is defined to mean "grapes that are harvested; being prepared for fermentation; or in any state of fermentation. 'Wine in Process' does not mean wine which is in its completed state and ready for sale."

    26.    Damage to Trellis or Grape Vines is subject to a coverage limit per occurrence.

    27.    An "Occurrence" is defined to mean, "for all other perils [other than earthquake, volcanic eruption, or windstorm]: 1. one event; or 2. a series of causally related events that: a. contribute concurrently to; or b. contribute in any sequence to, the loss or damage."

    28.    On or around August 17, 2020, the LNU Fire started and damaged the insured

1 property, including damage to "Trellis or Grape Vines" and damage to "Wine in Process."

2 29. On or around September 27, 2020, the Glass Fire started and damaged the insured
3 property, including damage to "Trellis or Grape Vines" and damage to "Wine in Process."

4 30. On information and belief, there is no connection between the cause of the LNU
5 Fire and the cause of the Glass Fire.

6 31. Chimney Rock's and Rutherford Hill's "Trellis or Grape Vines" and "Wine in
7 Process" suffered damage in the LNU Fire and in the Glass Fire.

8 32. Certain of the grapes exposed to smoke were left on the vine until after the fires
9 and were sold or discarded. Federal has paid Terlato for some of these losses, which the parties
10 agree are covered by the "Trellis or Grape Vines" coverage in the Policy—but only for damage
11 from the LNU Fire, not for damage from the Glass Fire.

12 33. In addition, wines manufactured by Terlato during the LNU and Glass Fire and
13 "Wines in Process" suffered smoke/smoke taint damage covered under the Policy.

14 34. Terlato provided notice of its claim arising from the LNU and Glass Fires.

15 35. Federal has denied coverage with respect to Terlato's claims concerning smoke
16 taint damage to wine and "Wine in Process."

17 36. Federal has taken the position that smoke taint damage to grapes and "Wine in
18 Process" is only covered under its "Trellis or Grape Vines" coverage, and only as one
19 "Occurrence" as defined in the Policy. But the smoke/smoke taint damage to "Wine in Process"
20 as defined in the Policy is covered, and the LNU Fire and Glass Fire constitute two distinct
21 "Occurrences" under the Policy.

22 37. In breach of its obligations under the Policy, Federal also has declined to pay the
23 full amount of Terlato's covered Business Income and Incurred Expense Loss.

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

38. Terlato refers to, and incorporates by reference, paragraphs 1-37, inclusive, as though set forth fully in this cause of action.

39. The Policy is a valid contract. Terlato has performed all of its obligations under the terms of the Policy.

40. Federal has breached the terms of the Policy by: denying coverage for Terlato's claims for smoke/smoke taint damage to "Wine in Process"; maintaining that damage to insured "Trellis or Grape Vines" was caused by one "Occurrence" when in fact the LNU Fire and Glass Fire constitute two distinct "Occurrences," thereby limiting the amount of coverage available to Terlato; and by failing to pay in full Terlato's claims for covered Loss under the Policy's Business Income and Extra Expense coverages.

41. As a legal and proximate result of Federal's breaches of the contract, Terlato has sustained damages including, but not limited to: monetary damage in the amount of Terlato's claimed losses for smoke/smoke taint damage to "Wine in Process"; monetary damage in the amount of $250,000, the per-occurrence limit of the Policy for coverage of "Trellis or Grape Vines"; and monetary damage in the unpaid amount of Terlato's claimed losses for Business Income and Extra Expense.

WHEREFORE, Plaintiff Terlato Wine Group, Ltd. prays for judgment in its favor and against defendant Federal Insurance Company, as hereinafter set forth.

**PRAYER FOR RELIEF**

Plaintiff Terlato Wine Group, Ltd. prays for judgment in its favor and against defendant Federal Insurance Company, as follows:

a) Judgment entered in favor of Terlato and against Federal on Count I as set forth

herein and an award of compensatory damages in an amount to be proven at trial;

    b)    An award of pre-judgment interest, costs of suit herein, and post-judgment interest in favor of Terlato and against Federal; and

    c)    Any further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Terlato Wine Group, Ltd. hereby demands a trial by jury on all issues so triable.

Dated: July 12, 2022                    SPERLING & SLATER, P.C.

                                                  */s/Matthew H. Rice*
                                                  Matthew H. Rice

                                                  WILLIAMS AND GUMBINER, LLP
                                                  Joel P. Gumbiner

                                                  Attorneys for Terlato Wine Group, Ltd.